**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01640-REB

LORENZO P. TORRES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed June 22, 2011, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that he is disabled as a result of lower back and shoulder disorders, obesity, and depression. After his applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 15, 2010.

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

At the time of the hearing, plaintiff was 42 years old. He has a high school education and past relevant work experience as a janitor, a pipe layer, and a heavy equipment operator. He has not engaged in substantial gainful activity since his alleged date of onset, April 30, 2008.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other alleged impairments, including particularly depression, were found to be non-severe. The ALJ found that plaintiff had the residual functional capacity to perform light work with certain postural and other physical restrictions. Although these limitations precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that were within his residual functional capacity. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater***, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. §§ 404.1520(b)-(f) & 416.920(b)-(f). ***See also Williams v. Bowen*** 844 F.2d

748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff argues on appeal that the ALJ erred in (1) relying on the opinion of a "single decisionmaker" ("SDM")[2] in assessing his residual functional capacity; and (2) concluding that plaintiff's depression was not a severe impairment at step 2 of the sequential evaluation.  Finding no reversible error in these determinations, I affirm.

The record contains only two functional capacity evaluations.  The first, completed by Jay Balestrier, an RN who began treating plaintiff in 2010, suggested that plaintiff could sit and stand for no more than 15 minutes at a time, and needed a 5-minute break every 15 minutes to walk.  He also believed that plaintiff required the ability to shift positions at will, elevate his legs, and take unscheduled breaks of 10 to 20 minutes every 15 minutes.  (Tr. 393-397.)  The second, prepared by an SDM, suggested that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour day; and occasionally climb, stoop, kneel, crouch or crawl.  (Tr. 301-308.)

There are at least two problems with plaintiff's argument that the ALJ improperly accepted the opinion of the SDM over that of his treating source.  First, it assumes that the ALJ was required to base his residual functional capacity assessment on any particular source's opinion.  He was not.  Although the determination of residual functional capacity must be grounded in some medical evidence, ***see Anderson v.***

---

[2]  Colorado is one of ten states participating in the Commissioner's Plan for a New Disability Claim Process.  *See* 59 Fed. Reg. 47887 (Sept. 19, 1994).  This pilot program is testing several model procedures for streamlining the administrative review process, including use of an SDM, rather than a team composed of a disability examiner and a medical consultant, to make the initial determination of disability.  *See* 62 Fed. Reg. 49598 (Sept. 23, 1997).

***Shalala***, 51 F.3d 777, 779 (8th Cir. 1995), it ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. §§ 404.1546 & 416.946; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000).  **See *Moses v. Astrue***, 2012 WL 1326672 at *4 (D. Colo April 17, 2012 ("[T]the ALJ was not required to adopt or rely on any medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion.").  Residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3) & 416.945(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," ***Noble v. Callahan***, 978 F.Supp. 980, 987 (D. Kan. 1997).[3]

Of course, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).  The ALJ fulfilled the obligation here, giving cogent reasons for rejecting Mr. Balestrier's opinion.  He correctly noted that Mr. Balestrier was not an "acceptable medical source" within the meaning of the Commissioner's regulations.  (Tr. 16.)  He therefore could not be considered a "treating source," whose opinion might be entitled to controlling (i.e. determinative) weight if otherwise well supported by the record.  **See *Weaver v. Astrue***, 2009 WL 3838280 at *3 (10th Cir. Nov 18, 2009); ***Frantz v. Astrue***, 509 F.3d 1299, 1301 (10th Cir. 2007).  Although opinions of such medical sources still must be considered, applying the same factors as are generally used to assess treating source opinions, **Social**

---

[3] "[R]esidual functional capacity is the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1) & 416.945(a)(1).

**Security Ruling** 06-03p, 2006 WL 2329939 at *4 (SSA Aug. 9, 2006), the ALJ did so here, noting that Mr. Balestrier had treated plaintiff for no more than two months at the time of his opinion and that his opinions were unsupported by citation to any records or objective findings.  *See* 20 C.F.R. §§ 404.1527(d)(2)-(6) & 416.927(d)(2)-(6) (setting forth factors to be considered in assessing treating source opinions).  These reasons are specific, legitimate, and borne out by the evidence.

      The second shortcoming of plaintiff's argument is that it not factually accurate.  The judge did not state that he afforded any weight to the SDM's opinion (*see* Tr. 18), and, indeed, it would have constituted error to do so, as "the opinion of an SDM, who is not a medical professional of any stripe, is entitled to no weight."  **Ogden v. Astrue**, 2012 WL 917287 at*4 (D. Colo. Mar. 19, 2012).  Yet that is not what occurred here.  Although the functional limitations suggested by the SDM closely parallel those ultimately incorporated in the residual functional capacity assessment (*see* Tr. 13), the ALJ noted that these limitations were supported by specific reference to the medical evidence of record (Tr. 18).  He exhaustively reviewed this evidence and concluded that the objective medical findings did not support the severity of impairment alleged by plaintiff.  (*See* Tr. 13-17).  These factual determinations were entirely within his purview, and it would be improper for me to accept plaintiff's invitation to review the evidence in hopes of reaching a different conclusion.  *See Moses*, 2012 WL 1326672 at *5 (upholding ALJ determination that "limitations suggested by the SDM were supported by and consistent with the record as a whole") (citation and internal quotation marks omitted).  I thus find nothing warranting remand in this much of the ALJ's decision.

Plaintiff further argues that the ALJ erred in concluding that his depression was not severe at step 2 of the sequential evaluation. A condition should be considered severe unless it is no more than a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Although plaintiff's burden to establish severity at step 2 is *de minimis*, the mere fact of a diagnosis is insufficient to satisfy that burden. **Hinkle v. Apfel**, 132 F.3d 1349, 1352 (10th Cir. 1997).

Plaintiff argues that he met this threshold, pointing to a Global Assessment of Functioning ("GAF") score of 48.[4] Although plaintiff suggests that this assessment was more recent (*see* Plf. Br. at 7 (indicating that GAF score is contained in records of treatment with Charles Zimmerman from 2008-2009)), in fact it was made in 2005 (Tr. 222), well prior to plaintiff's alleged date of onset. Moreover, a low GAF score standing alone does not mandate a finding of disability. *See Cox v. Apfel*, 2000 WL 1472729 at *9 (D. Kan. Feb. 24, 2000). Plaintiff points to no specific evidence suggesting that this lower level of functioning persisted up through his period of disability.[5]

---

[4] "The GAF is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'" **Langley v. Barnhart**, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quoting American Psychiatric Association, ***Diagnostic and Statistical Manual of Mental Disorders*** at 32 (Text Revision 4th ed. 2000) ("**DSM-IV**")). A GAF of 41-50 indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) [or] any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." **Lee v. Barnhart**, 117 Fed. Appx. 674, 678 (10th Cir. Dec. 8, 2004) (quoting **DSM-IV** at 34).

[5] I decline plaintiff's implicit invitation, by sweeping reference to the entirety of his mental health treatment records, to make such arguments on his behalf and then scour the record for evidence in support of them. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); **Jarare, LLC v. Darling**, 2010 WL 1435560 at *1 (D. Colo. April 9, 2010).

Moreover, and even if it were some error in this regard, it undoubtedly was harmless. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988). "Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal," so long as he considers all plaintiff's impairments, severe and non-severe in making his residual functional capacity assessment. *Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. Aug. 12, 2008). *See also Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008). The ALJ found that plaintiff suffered from other, severe, impairments and clearly considered depression in assessing plaintiff's residual functional capacity. (*See* Tr. 18.) There thus was no reversible error in this regard either.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 20, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

9